

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>Carlos Alberto PEREZ,<br><br>    Defendant. | Magistrate Case No. '21 MJ0425<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 8, U.S.C., Section 1326<br>Attempted Entry after Deportation |

The undersigned complainant being duly sworn states:

On or about February 4, 2021 within the Southern District of California, Defendant, Carlos Alberto PEREZ, an alien, who previously had been excluded, deported and removed from the United States to Mexico, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the Otay Mesa, California Port of Entry, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the Defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Gabriela Acevedo, CBP Enforcement Officer
U.S. Customs and Border Protection

Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1, this 5th of February 2021.

HON. ANDREW G. SCHOPLER
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

On February 4, 2021, at approximately 6:54 P.M., Carlos Alberto PEREZ (Defendant) applied for admission into the United States from Mexico at the Otay Mesa, California Port of Entry pedestrian entrance. Defendant presented himself for inspection before a Customs and Border Protection (CBP) Officer, and stated he was traveling to Fontana, California with nothing to declare from Mexico. Defendant claimed to be a Lawful Permanent Resident and stated that he had no entry documents to present because they had been stolen two months ago. The CBP Officer conducted a name query and received a computer generated alert. Defendant was escorted to secondary for further inspection.

In Secondary Defendant claimed to have dual citizenship and when asked to clarify he stated he didn't know what his citizenship was. Defendant was queried by fingerprint and photograph comparison through the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). IDENT and IAFIS returned matches to the queries revealing Defendant's true name and identity. IDENT and IAFIS also linked Defendant to Federal Bureau of Investigation and Department of Homeland Security (DHS) service records which identify Defendant as a citizen of Mexico without lawful documents to enter the United States.

DHS records revealed Defendant was ordered removed from the United States to Mexico by Immigration Officials on or about September 11, 2007 and was subsequently physically removed on or about March 25, 2014 via San Ysidro, California. DHS records contain no evidence Defendant has applied for or received permission from the United States Attorney General or designated successor, the Secretary of the Department of Homeland Security, to legally seek reapplication for admission into the United States.

On February 4, 2021 at approximately 11:26 p.m., Defendant was advised of his Miranda Rights and elected to give a statement without the benefit of counsel. Defendant admitted that he was once deported from the United States to Mexico. Defendant stated he believes he was born in the United States because that is where his school diploma is from.